UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WAYNE D. CONTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, DOES 1 THROUGH X,<br><br>　　　　Defendants. | Case No. 2:24-cv-00949-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Wayne Conte's Application to Proceed *in forma pauperis* and Complaint. ECF Nos. 1, 1-1.

**I.　Application to Proceed *in forma pauperis***

Plaintiff submitted the affidavit and documentation required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Thus, Plaintiff's request to proceed *in forma pauperis* is granted below.

**II.　Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

### III. Plaintiff's Complaint

Plaintiff asserts claims against the United States Office of Personnel Management ("OPM"). However, as a federal government agency, the OPM has sovereign immunity from suit absent a waiver. *Brazil v. Off. of Pers. Mgmt.*, 35 F. Supp. 3d 1101, 1109 (N.D. Cal. 2014). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *Id.*, citing *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992). Plaintiff's Complaint is silent as to any such waiver.

### IV. Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice, but with leave to amend.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint, if he so chooses, that states a claim against a non-immune defendant. Plaintiff is advised not to repeat claims asserted against an immune defendant as discussed above. Plaintiff's amended complaint must be complete in and of itself. The Court cannot refer to Plaintiff's original Complaint when it screens Plaintiff's amended complaint. If Plaintiff chooses to file an amended complaint, he must do so no later than **June 24, 2024**.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order on or before **June 24, 2024**, the Court will recommend this action be dismissed without prejudice in its entirety.

DATED this 23rd day of May, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2